# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| SUGAR VALLEY CAPITAL PARTNERS, LLC, : : : | |
| Plaintiff, : : | |
| v. : : | CIVIL ACTION No. 3:18-CV-87 (CAR) |
| SAFE HARBOR EQUITY DISTRESSED DEBT FUND I, L.P., and UMB BANK, N.A., : : : : : | |
| Defendants. : : | |

## AMENDED ORDER ON PLAINTIFF'S
## MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

Presently before the Court is Plaintiff Sugar Valley Capital Partners, LLC's Emergency Request for Hearing on Motion for Preliminary Injunction and for Extension of Temporary Restraining Order Through and Including the Date of Hearing [Doc. 5]. Upon consideration, the Motion is **GRANTED**.

Plaintiff originally filed this action in the Superior Court of Greene County on June 11, 2018. The next day, on June 12, the Superior Court entered an order temporarily restraining (1) Defendant UMB Bank, N.A. ("Trustee") from registering any transfer of the Greene County Development Authority Junior Subordinated

Taxable Revenue Bonds (Glen-I, LLC Project), Series 2015C, in the principal amount of $4,600,000 (the "Series 2015C Bonds"); (2) Defendant Safe Harbor Equity Distressed Debt Fund 1, L.P. ("Safe Harbor") from any collection, enforcement, or disposition relating in any way to the Series 2015C Bonds; and (3) both Defendants from effecting the purported transfer of the Series 2015C Bonds to Safe Harbor or any other transfer of the Series 2015C Bonds. That Order expires on July 12, 2018. Two days prior to the expiration of that order, on July 10, 2018, Defendants removed the case to this Court. The next day, on July 11, Plaintiff filed this Motion seeking an extension of the temporary restraining order until a hearing can be scheduled in this Court.[1]

Before a court will grant a motion for a temporary restraining order ("TRO"), the moving party must establish that (1) it has a substantial success of likelihood on the merits; (2) it will suffer irreparable injury if the relief is not granted; (3) the threatened injury outweighs the harm the relief may inflict on the nonmoving party; and (4) entry of relief "would not be adverse to the public interest."[2] The Court is authorized to grant extraordinary injunctive relief provided by a TRO only if the high standards for such relief have been met.[3] A TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most

---

[1] Plaintiff also filed a motion to extend the temporary restraining order in the Superior Court before Defendants removed the case here.
[2] *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006).
[3] *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (injunctive relief is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites.").

or all of the substantive relief sought in the complaint.[4]

Upon careful consideration, the Court finds a sufficient basis to issue a TRO until the hearing on the preliminary injunction scheduled for July 26, 2018. Plaintiff has established a sufficient likelihood of success on the merits to preserve the status quo at this time. Moreover, monetary relief would be insufficient under the circumstances here due to the potential for immediate and irreparable loss of interests in real property, thereby causing irreparable harm to Plaintiff. Thus, the Court finds the conditions of Fed. R. Civ. P. 65 have been sufficiently met.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Trustee is **TEMPORARILY RESTRAINED** through July 26, 2018, from registering any transfer of the Series 2015C Bonds and from taking any direction from a holder or purported holder of the Series 2015C Bonds with respect to the Series 2015C Bonds. Defendant Safe Harbor is **TEMPORARILY RESTRAINED** through July 26, 2018, from any collection, enforcement, or disposition relating in any way to the Series 2015C Bonds. Defendants are **TEMPORARILY RESTRAINED** through July 26, 2018, from effecting the purported transfer of the Series 2015C Bonds to Safe Harbor or any other transfer of the Series 2015C Bonds. Plaintiff is **TEMPORARILY RESTRAINED** through July 26, 2018, from directing the Trustee to take any action with respect to the Series 2015C Bonds.

---

[4] *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983).

The Court will hold a hearing on **Thursday, July 26, 2018, at 9:30 AM** in Courtroom D of the William A. Bootle Federal Building **in Macon, Georgia** to fully address Plaintiff's Motion for Preliminary Injunction. Defendants are **DIRECTED** to file a response to Plaintiff's Motion on or before **July 19, 2018**, in accordance with the Court's July 12, 2018 Order [Doc. 8]. Plaintiff may file a reply no later than **5 pm, July 24, 2018**.

**SO ORDERED,** this 20th day of July, 2018.

                                                      S/ C. Ashley Royal
                                                     C. ASHLEY ROYAL, SENIOR JUDGE
                                                     UNITED STATES DISTRICT COURT